## DAIGGER CORPORATION v. EVONS.
### No. 3795.

Circuit Court of Appeals, Third Circuit. Feb. 13, 1930.

E. Hayward Fairbanks, of Philadelphia, Pa. (Albert J. Fihe, of Chicago, Ill., of counsel), for appellant.

Wm. Steell Jackson, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, Circuit Judge, and THOMSON and AVIS, District Judges.

BUFFINGTON, Circuit Judge.

By bill filed in the court below, the Daigger Corporation, owner of patent No. 1,469,596 to Joseph W. Hoodwin for a tray, charged Evons and others with infringement thereof and of design patent No. 60,025 on such tray. The bill also charged unfair competition. On final hearing, the court found infringement was not shown. From a decree dismissing the bill, plaintiff took this appeal.

The specification aptly describes the alleged invention as follows: "My invention relates to an improved holder which is particularly adaptable for serving orders of ice cream cones. The handling of a number of cones for filling and serving is a very awkward and unsanitary procedure. The general object of my invention is, therefore, to provide a holder for supporting cones so that they may be readily filled and served with the least amount of handling. * * * Another object is to construct the holder of material which is absorbent so that it will absorb drippings and prevent running."

Fig. 1

In the accompanying Figure 1, Hoodwin gave the form of his tray and its characteristics, and thus specified: "The plate shown is completely circular except for a section which has been omitted to leave the straight edges 7 and 8 and the concave edge 9 between the straight edges."

Referring to the function of concave edge 9 to make a handhold, he also specifies: "* * * By placing the fingers of the hand below the central section of the tray and the thumb above this section at the concave edge 9, the tray can be securely and conveniently held and carried."

Referring to the material from which his absorbent tray is to be made, the specification says: "The holder can be constructed for example of wood or metal covered with paper or any other desired absorbent material, but preferably, it is made of inexpensive material such as pulp board or straw board which gives sufficient strength and which is absorbent so as to catch and absorb drippings and prevent flowing of melted cream from the tray or the cones."

It will thus be seen that two of the characteristic elements of the disclosed device—and he specifies no other—were, first, the concave edge, and, second, the absorbent capacity of the material used. These features were carried thus into the claim sued on, viz., "a holder for cones formed of a flat, rigid absorbent sheet of material, one aspect thereof

being suitably shaped to form a hand grip," and "said sheet of absorbent material serving for the reception of the cones, the drippings from the cones being absorbed by the material of the holder." Without entering into details, it suffices to say that the defendant's tray has no concave recess to form a hand-hold and is made of material which is non-absorbent.

Lacking these elements, the court below rightly held it did not infringe. Its decree below is therefore affirmed.